United States District Court
Southern District of Texas
**ENTERED**
November 14, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LeRoy Henry Nassif, § | |
|    *Plaintiff*, § | |
| § | |
| v. § | Civil Action H-21-1152 |
| § | |
| Janet Yellen et al., § | |
|    *Defendants*. § | |

## MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 3. Pending before the court is "Plaintiff's Motion to Objection to United States District Court Judgement." ECF No. 104. Plaintiff LeRoy Henry Nassif seeks relief from the district court's judgment dismissing this case with prejudice. The court has considered the motion, the government's response, Nassif's reply, and the applicable law. The court recommends that Plaintiff's motion be **DENIED**.

Nassif, a former Internal Revenue Service employee, sued the IRS, Treasury Secretary Janet Yellen, and other officers of the United States government under several legal theories, including disability and sex discrimination, harassment, and retaliation. On February 21, 2023, the undersigned magistrate judge recommended that the Defendants' motion to dismiss and motion for summary judgment be granted, that Plaintiff's motions for summary judgment be denied, and that the case be dismissed with prejudice. ECF No. 100 at 2, 26. On March 10, 2023, the district judge accepted the undersigned's recommendation and entered final judgment dismissing with prejudice Nassif's claims against all Defendants. ECF Nos. 102, 103. Nassif filed the instant motion on March 23, 2023. ECF No. 104.

As the legal basis for relief from the court's judgment, Nassif cites Federal Rule of Civil Procedure 61. In pertinent part, Rule 61 states that "At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61; ECF No. 104 at 2. Because Rule 61 does not provide for relief from a final judgment, and because Nassif is proceeding *pro se*, the court will construe Nassif's motion to be seeking post-judgment relief under Rules 59 and 60.

Rule 59(e) permits a motion to alter or amend a judgment within 28 days of the entry of the judgment. A Rule 59(e) motion questions the correctness of a judgment but "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citations omitted). Reconsideration of a judgment under Rule 59(e) serves a narrow purpose and is "an extraordinary remedy that should be used sparingly." *Id.* (citation omitted); *see also Resolution Tr. Corp. v. Holmes*, 846 F. Supp. 1310, 1316 n.18 (S.D. Tex. 1994) (stating that Rule 59(e) is not "intended to give an unhappy litigant one additional chance to sway the judge").

"To succeed on a Rule 59(e) motion, a party must clearly establish at least one of the following factors: (1) an intervening change in the controlling law, (2) the availability of new evidence, or (3) a manifest error of law or fact." *Estate of Brown v. Cypress Fairbanks Indep. Sch. Dist.*, 863 F. Supp. 2d 632, 634 (S.D. Tex. 2012).

Rule 60 permits a court to relieve a party from a final judgment or order because of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; (5) a judgment

2

that has been satisfied, released, or discharged; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

Nassif argues that the court committed several errors entitling him to relief from the court's final judgment. He argues generally that the court ignored his due process rights and his rights under various federal statutes pertaining to whistleblower protections, reasonable accommodations, and employment discrimination. ECF No. 104 at 3–4. He argues that the court did not consider the impact that the National Treasury Employee Union Agreement would have on his claims. *Id.* at 3. Nassif refers to, but does not cite, various pieces of evidence that he claims the court ignored, such as his timeline of events and "documentation where [Nassif's supervisor] Jennifer Green admits to discriminating against" him. *Id.* at 3. Nassif explains that he gave evidence in an EEOC hearing, after which his supervisor lowered his performance ratings. *Id.* at 1. He argues that his supervisor's actions were in violation of his union contract and constituted discrimination, retaliation, and harassment. *Id.* at 2.

Nassif's arguments are nothing more than a rehashing of the arguments and evidence already before the court. *See generally* ECF No. 100. As explained in the Memorandum and Recommendation, the court went to great lengths to consider every fact that Nassif raised in any paper before the court. *Id.* at 2 ("The court has painstakingly reviewed all of Nassif's filings and has attempted to account for every fact he has alleged."). The district judge adopted the undersigned's Memorandum and Recommendation as the opinion of the court. ECF No. 102.

Nassif has not cited any newly discovered evidence. He does not suggest that fraud has occurred or that there has been any change in controlling law. Other than disagreement with the court's rulings, he offers no reason that would justify relief from the court's final judgment. Accordingly, the court recommends that

3

Nassif's motion for relief from the final judgment, ECF No. 104, be **DENIED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on November 14, 2023.

_____
Peter Bray
United States Magistrate Judge